Judge Robertson
delivered the opinion of the Court.
, This is an action of covenant, by Waters against Violet, and two others, in which a judgment was rendered in favor of the plaintiff. Three errors are assigned. 1st. That the declararation is defective, and therefore, the demurrer to it ought to have been sustained. 2d. That improper evidence, excepted to by defendants, was admitted by the court. And, 3d. That there being no evidence, that process had been served On one of the three persons sued, it was erroneous to give judgment, without a proper disposition oft he case, as to him.
There is nothing in the two first errors' assigned. The declaration, although, unnecessarily minute, and indiscreetly historic, is nevertheless, very intelligible, and shews a good substantive cause of action. And the evidence excepted to, was legal and admissable.
But the third error is fatal. It is not necessary to decide, whether, if only two persons had been sued, the often repeated declaration in the record, “the defendants appeared,” and “the parties appeared;” would necessarily have included both, and such evidence of appearance, would have superseded a return of service. For, as three were sued, the expressions quoted, do not mean, barely because they are in the plural, that all three appeared, “defendants;” in the legal import of the term, means those on whom process has been served. As the writ was returned, executed on only two, the legal construction of the *304 style of the record, is, that those two (who alone were defendants) appeared. If the process, was not executed on the third, the court erred in its judgment.
Unless intrinsic evidence of diminution. court will not 'ex ojfioio, order a certiom. n.
Monroe, for plaintiff; Crittenden, for defendant.
There is nothing in the record which can enable this court to decide, that the writ was ever executed on more than twb, or that the third person ever appeared in court. Unless the record exhibited, as it does not, some intrinsic evidence of its being incomplete, the court would not, ex officio, direct a certiorari to supply any supposable defect. It was the duty of the counsel, to have moved it, if he supposed that it could operate to the advantage of his client.
On the record, as it is, the court cannot do otherwise, than reverse the judgment, and remand the cause for proceedings, consistent with this opinion.